Julian **KOSSOW**, Plaintiff,

v.

**ST. THOMAS UNIVERSITY, INC.,** Defendant.

No. 97–3017–CIV.

United States District Court, S.D. Florida.

March 9, 1999.

William R. Amlong, Amlong & Amlong, Ft. Lauderdale, FL, for plaintiffs.

Elizabeth J. du Fresne, Anne Marie Estevez, Steel, Hector & Davis, Miami, FL, for defendants.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

MORENO, District Judge.

Julian Kossow, a law professor, is suing his former employer, St. Thomas Universi-ty, for age discrimination in violation of 29 U.S.C. § 621 *et. seq.*[1] The Court finds no evidence that the employer's reason for denying Plaintiff reappointment to the ten-ure track—failure to publish scholarly arti-cles—was a pretext. Therefore, summary judgment is entered in favor of the em-ployer.

## BACKGROUND

The Plaintiff was at the time of the adverse employment action a 63–year–old law professor at St. Thomas University School of Law where he had been selected as its best teacher by the students two years in a row. St. Thomas Law School, in its efforts to gain acceptance in the academic community despite its youth, in-sisted on publication of scholarly materials by its faculty.

Plaintiff, who began as a visiting profes-sor at St. Thomas University, petitioned to be placed on the tenure track. After a faculty meeting and a full faculty vote, Plaintiff, who was 61 years old at the time, was approved to the tenure track. The next year, the law school's Tenure, Pro-motion and Reappointment Committee ("the Tenure Committee") voted 10–3 to reappoint Plaintiff to the tenure track for another year despite his lack of scholarly works because of his excellent teaching record. One year later, the Tenure Com-mittee voted 9–5 against retaining Kossow on its tenure track. The Dean of the law school agreed with the Committee's recom-mendation.

Plaintiff, who had previously been de-nied tenure at the Georgetown University Law Center for lack of published scholarly articles, relies on both direct and circum-stantial evidence of age discrimination. St. Thomas University responds that age was not a factor in its decision to deny

---

1. Plaintiff also brings an action for age dis-crimination under the Florida Civil Rights Act. Fla.Stat. § 760 *et seq.* Florida courts have held that decisions construing Title VII are applicable when evaluating FCRA claims because the Florida Act was modeled after Title VII. *Harper v. Blockbuster Entertainment*

*Corp.,* 139 F.3d 1385, 1387 (11th Cir.1998) (citing *Ranger Ins. Co. v. Bal Harbour Club, Inc.,* 549 So.2d 1005, 1009 (Fla.1989)). Therefore, the Court's analysis of Plaintiff's ADEA claim, which is analyzed under the Title VII burden-shifting framework, applies with equal force to Plaintiff's FCRA claim.

tenure. St. Thomas University's stated reason was failure to publish sufficient scholarly articles. In fact, Kossow was offered a one year contract because of his excellent teaching.

Kossow's direct evidence of discrimination centers on comments allegedly made by Professor Plass at the first faculty meeting where Plaintiff's appointment to the tenure track was first discussed and vote upon favorably. Over two years after that first meeting, the Tenure Committee voted 9–5 against retaining Kossow on the tenure track. In the interim, Plass had become the Chairman of the Tenure Committee. At the initial meeting of the faculty to consider placing Kossow on the tenure track, Plass allegedly made one age-related comment that other professors who heard it have described differently. The sole statement attributed to Plass has been quoted in several ways: "why do we want to hire this person, and he's kind of old;" "we brought this old person here who won't publish articles;" "he's an old man, he's ready to retire, he's too old;" "I wish we could find a place for old Julian on tenure track because he is a good teacher, but he is too old." Plass is characterized by the Plaintiff as a leading decisionmaker and one whose view that Kossow is not a good scholar is based on his perception that Kossow is "old." It is undisputed that during the two years following Plass' comments, Kossow received the Best Professor Award.

Kossow's circumstantial case points to the above comment by Plass, coupled with evidence of his qualifications, including two published law review articles, two teaching awards, his successful coaching of the law school's moot court team, and his work on the summer study abroad program. Kossow further asserts that he was the second oldest faculty member when he was let go, while other professors, ages 38, 31 and 52, were retained by the Tenure Committee that voted him down. That Tenure Committee also recommended promotion and

tenure for Ms. Horsburgh, who was 53 at the time, but the Tenure Committee voted 8–5 against retaining Ms. Ross, a 47–year-old with "shabby scholarship."

Kossow also argues that St. Thomas University's articulated reason for its failure to renew his tenure track contract—poor scholarship—is a pretext for age discrimination.

St. Thomas University responds that the alleged comment by Plass was made during a meeting in which the entire faculty voted to *appoint* Plaintiff to the tenure track in 1994, and Kossow was *reappointed* by the Tenure Committee, which was then *chaired* by Plass, in 1995. Moreover, according to Defendant, there is an insufficient nexus between the comments and the decision denying Plaintiff's reappointment. Also, the Tenure Committee, not just Plass, voted against reapppointing Kossow, and the Dean of the Law School and President of the University agreed with the recommendation.

Furthermore, Kossow was 60 years old when the school hired him, yet he now accuses that same institution of age discrimination. Also, the Defendant alleges that 80% of the professors reappointed to the faculty for 1995–96 were over 40, 60% were over 40 for 1996–1997, and about 66% of the Committee members in 1996 were over 40. Included in the group receiving tenure were a 53–year-old professor, a 69–year-old attorney, and a 67–year-old law librarian.

### *LEGAL ANALYSIS*

■ The Age Discrimination in Employment Act (ADEA) makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Age discrimination

may be proven through one of three generally accepted methods: by direct evidence of discriminatory intent, by circumstantial evidence using the framework set out for Title VII cases in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), or through statistical proof. *See Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir.1989).

■■■ The only evidence which arguably constitutes direct evidence of discrimination is Plass' alleged age-related statement made at the initial faculty meeting considering Plaintiff's petition to be placed on the tenure track. However, remarks by non-decisionmakers or remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination. *See Standard v. A.B.E.L. Serv., Inc.*, 161 F.3d 1318, 1330 (11th Cir.1998) (citing *EEOC v. Alton Packaging Corp.*, 901 F.2d 920, 924 (11th Cir.1990)). Given that the age-related statement by Plass was made over two years before the decision not to reappoint Plaintiff and was made at a meeting in which the faculty voted to place Plaintiff on the tenure track, the Court finds that the remark by Plass was unrelated to the decisionmaking process which led to a 9–5 vote against retaining Kossow on the tenure track. Therefore, the statement does not constitute direct evidence of discrimination.

The Plaintiff also claims circumstantial evidence of age discrimination and relies on this same statement allegedly made by Plass to discredit St. Thomas University's reason not to renew plaintiff's tenure track contract. In evaluating Title VII claims supported by circumstantial evidence, the court relies on the framework established by the Supreme Court in *McDonnell Douglas*. *See Combs v. Plantation Patterns*, 106 F.3d 1519, 1527 (11th Cir.1997). Under that framework, the Plaintiff has the initial burden of establishing a *prima facie* case of discrimination. *Id.* at 1527–28. Once the plaintiff establishes his *prima facie* case, a presumption is created that the employer unlawfully discriminated against the employee. *Id.* at 1528.

The effect of the presumption of discrimination is to shift to the employer the burden of producing legitimate, nondiscriminatory reasons for the challenged employment action. As the Eleventh Circuit explained in *Combs*, "[t]o satisfy that burden of production, '[t]he defendant need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it was actually motivated by the proffered reasons.' " *Id.* at 1528 (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254–55, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).

If the defendant carries its burden of producing legitimate, nondiscriminatory reasons for its decision, the presumption of discrimination created by the plaintiff's *prima facie* case is eliminated, and the plaintiff has the opportunity to show the defendant's proffered explanations for its decision not to renew were not the real reasons.

Applying the *McDonnell Douglas* burden shifting framework to the case at hand, Plaintiff must first show that: 1) he was a member of the protected age group; 2) he was qualified at the time of nonrenewal, and 3) the employer intended to discriminate on the basis of age in making the decision. *See Standard*, 161 F.3d at 1329. The Court finds, for the sake of the circumstantial evidence analysis, that Professor Kossow satisfies the *prima facie* elements, although defendant makes a strong argument that Professor Kossow was not qualified for a tenure track position in view of the lack of scholarly publications. Even assuming that the Plaintiff has established a *prima facie* case, St. Thomas University relies on this same lack

of scholarly publications as its legitimate, nondiscriminatory reason for deciding not to reappoint Kossow to the tenure track.

St. Thomas University asserts that although the Tenure Committee recommended against a second reappointment to the tenure track, its faculty had recommended Kossow's initial appointment to the tenure track when he was 61 years old, and the Tenure Committee recommended Plaintiff's first reappointment to the tenure track when Plaintiff was 62 years old. Defendant explains that the Tenure Committee's recommendation not to reappoint Plaintiff was due to the fact that at that time, a majority of the Tenure Committee determined that Kossow's scholarship, and to a lesser extent his service, were insufficient to warrant reappointment. Some Tenure Committee members apparently believed that Kossow would continue to write "only under the gun" and "only to obtain tenure." Others felt that his pieces, specifically two law review articles at Florida State and Stanford University, lacked "significant scholarly merit." Tenure Committee members also expressed concern over Kossow's unsatisfactory service contribution, although it appears from oral argument that this reason is a secondary reason and may very well be a disputed issue.

The Dean of the Law School subsequently agreed with the Tenure Committee's recommendation against the reappointment of Kossow. Kossow was, however, offered a one year terminal contract, which he did not accept. Instead, Plaintiff left St. Thomas University and accepted a non-tenure track position at Stetson University Law School.

In short, the Plaintiff asserts that the same committee and university that hired him fired him two years later, allegedly because of his age. Several courts have found that where, as here, "the hirer and the firer are the same individual and the termination of employment occurs within a relatively short time span following the hiring, a strong inference exists that discrimination was not a determining factor for the adverse action taken by the employer." *Proud v. Stone,* 945 F.2d 796, 797 (4th Cir.1991); *see also Brown v. CSC Logic, Inc.,* 82 F.3d 651, 658 (5th Cir.1996); *E.E.O.C. v. Our Lady of Resurrection Med. Ctr.,* 77 F.3d 145, 152 (7th Cir.1996); *Lowe v. J.B. Hunt Transport, Inc.,* 963 F.2d 173, 174–75 (8th Cir.1992); *Bradley v. Harcourt, Brace and Co.,* 104 F.3d 267, 270–71 (9th Cir.1996) However persuasive the reasoning behind a "same actor" inference of lack of discrimination may be, that "same actor" evidence is more properly considered by the jury. In *Williams v. Vitro Serv. Corp.,* 144 F.3d 1438 (11th Cir.1998), Judge Birch wrote that "it is the province of the jury rather than the court, however, to determine whether the inference generated by 'same actor' evidence is strong enough to outweigh a plaintiff's evidence of pretext." *Id.* at 1443.

█ The Court finds that the employer has provided a legitimate, nondiscriminatory reason for not reappointing Plaintiff to the tenure track. *See Clark v. Coats & Clark, Inc.,* 990 F.2d 1217, 1228 (11th Cir. 1993) (finding that an employer's good faith belief that an employee's performance is unsatisfactory constitutes a legitimate, nondiscriminatory reason for termination); *Geevarghese v. Cahill,* 1992 WL 361369 *5 (6th Cir.1992) (stating that deficient scholarship is a legitimate, nondiscriminatory reason to deny tenure and promotion in a university setting). The Plaintiff argues that the proffered reason—lack of scholarly publication—is a pretext, and that the real reason he was terminated was because of his age. The only evidence in support of this position is the sole two year old statement attributed to Plass, who eventually became the Chairman of the Tenure Committee. This statement is insufficient to discredit the

proferred reason for non-retention, i.e. lack of scholarly publication.

The Plaintiff relies on expert testimony to support his position that indeed his law review articles are scholarly. However, the fact that the university did not give the Plaintiff's law review articles sufficient credit does not make it liable for age discrimination. *See Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir.1984) ("The employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or no reason at all, as long as its action is not for a discriminatory reasons."). Therefore, neither the Court, nor the jury need evaluate the degree of scholarship in the law review articles. The Plaintiff has failed to provide sufficient evidence supporting its argument that the lack of track tenure renewal was a pretext for age discrimination.

Quite simply this is a case involving the long-standing rule in academia of "publish or perish." Whatever the merits of that tradition, it is not up to the courts to interfere with an institution as St. Thomas University, which aspires to be accepted in the academic circles that adhere to that proposition.

Therefore, as no genuine issues of material fact are in dispute, the employer is entitled to summary judgment. Fed. R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).