Veronica **CROSDALE**, Plaintiff,

v.

**INDIAN RIVER MEMORIAL HOSPITAL**, Defendant.

No. 00–14394–CIV . .

United States District Court, S.D. Florida.

Oct. 21, 2003.

Wayne L. Allen, Adrienne E. Trent, Wayne L. Allen & Associates, P.A., Melbourne, FL, for Plaintiff Veronica Crosdale.

Grant D. Petersen, Helen A. Palladeno, Haynsworth, Baldwin, Johnson & Greaves, LLC, Tampa, FL, for Defendant Indian River Memorial Hospital.

## ORDER DENYING (1) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND (2) PLAINTIFF'S MOTION TO STRIKE AFFIDAVITS

COHN, District Judge.

THIS CAUSE is before the Court on the Motion for Summary Judgment filed by the Defendant on November 7, 2001 [DE # 9] as well as the Plaintiff's Motion to Strike affidavits filed on December 26, 2001 [DE # 16]. The Court has carefully considered the motions as well as the pleadings and declarations in support of and in opposition to same, and the entire file in this case, and is otherwise fully advised in the premises.

## I. BACKGROUND

In this action, Plaintiff, a 59–year old African–American Registered Nurse ("R.N."), alleges that her former employer, Defendant Hospital, violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, the Florida Civil Rights Act, Chapter 760, Florida Statutes, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, by refusing to provide the Plaintiff scheduling opportunities as a per diem R.N. (resulting in her termination), based on her race and age.

The Defendant Hospital has moved for summary judgment on the grounds that the Plaintiff cannot establish a prima facie case of race or age discrimination because she cannot show either (1) that the Hospital treated similarly situated employees outside of her race more favorably, or (2) that she was qualified to continue at her job. The Hospital further argues that it is entitled to summary judgment because, even if Plaintiff could establish a prima facie case of discrimination, the Hospital has articulated legitimate, nondiscriminatory reasons for not scheduling Plaintiff— namely that Plaintiff was tardy, had a bad attitude, received patient and co-worker complaints, had substandard work abilities, and had an un-excused absence—and Plaintiff cannot establish that such reasons are pretextual.

The Plaintiff counters that she has established a prima facie case of discrimination on the basis of race and age by: (1) presenting direct evidence of discriminatory intent with respect to age discrimination; (2) meeting the burden-shifting scheme applicable in Title VII cases with respect to age and race discrimination; and (3) demonstrating that the Defendant's given reasons for the adverse em-

ployment action are a pretext for impermissible discrimination against her based on her race and age.

## II. DISCUSSION

### A. Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir.1991); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). After the movant has met its burden under Rule 56(c), the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608.

The non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir.1990); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted) (if the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted"); Matsushita Elec-

tric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). Any doubts in this regard should be resolved against the moving party. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

### B. Title VII and Age Discrimination Claims

Title VII makes it "an unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sax, or national origin." 42 U.S.C. § 2000e–2(a)(1). The Age Discrimination in Employment Act ("ADEA") forbids age discrimination in the employment of persons at least forty years of age but less than seventy years of age. 29 U.S.C. § 621 et seq. Plaintiff's claims under the ADEA and the Florida Civil Rights Act are all analyzed under Title VII standards. See, e.g., Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir.1998); Carter v. City of Miami, 870 F.2d 578, 581 (11th Cir.1989); Kossow v. St. Thomas Univ., Inc., 42 F.Supp.2d 1312, 1314–15 (S.D.Fla. 1999).

■ Under each of these bodies of law, Plaintiff is initially required to establish a prima facie case of discrimination through one of three generally accepted methods: (1) statistical proof; (2) direct evidence of discriminatory intent; or (3) by meeting the burden-shifting scheme set for in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668

(1973). Plaintiff argues that she has produced sufficient circumstantial evidence for her claims to survive summary judgment. The Court agrees.[1]

Under the *McDonnell Douglas* framework, in order "to prove a prima facie case of age or race discrimination a plaintiff must prove that he or she was: (1) a member of the protected class; (2) qualified for the position; (3) subjected to adverse employment action; and (4) ... suffered from disparate treatment because of membership in the protected class." *Kelliher v. Veneman*, 313 F.3d 1270, 1275 (11th Cir.2002); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). "Demonstrating a prima facie case is not onerous; it requires only that the plaintiff establish facts adequate to permit an inference of discrimination." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir.1997).

If a prima facie case is shown, the defendant must articulate a legitimate nondiscriminatory reason for the adverse employment action. *Kelliher*, 313 F.3d at 1275; *Holifield*, 115 F.3d at 1565. If this is done, then the plaintiff may attempt to show that the proffered reason was merely a pretext for the defendant's acts. *Kelli-*

*her*, 313 F.3d at 1275; *Holifield*, 115 F.3d at 1565; *see also Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

Here, Mrs. Crosdale has presented the following evidence: she was hired a per diem R.N. with Defendant Indian River Memorial Hospital in July 1998. Per diem employees are employees who are scheduled and called in to work by the Hospital only if needed. During the interview process, Mrs. Crosdale explained that, due to the fact that she was also working at other area hospitals, there would be occasions where she might be late. By Plaintiff's account, the fact that her arrival times would occasionally be delayed was a mutually agreed upon term of her employment, and, according to the Defendant's Employee Handbook, a "Notice of Corrective Action" should be issued when 8 tardies are recorded. Such Notices had previously been issued to white nurses for excessive absenteeism or tardiness. Mrs. Crosdale did not receive any Notice of Corrective Action nor did she receive any other formal documentation regarding her alleged tardiness.

By May of 1999, Mrs. Crosdale was no longer being scheduled for work on a regu-

---

1. Plaintiff also argues that she has provided direct evidence of discrimination by offering her own deposition testimony that Director Cleary told her that she preferred to employ nurses "just fresh out of school, and they're much more ... like they're much more younger and faster ... with the type of patient she's on her floor, she'd rather have nurses that are much ... fresh out of school, and they are much younger." (Pl. Dep. at 133–34). "The standard for offering direct evidence of discriminatory intent is a stringent one, and only the most blatant comments will serve to prove such intent. Direct evidence is evidence which does not require an inferential leap from fact to conclusion, as the statement alone proves the fact of intent." *LeBlanc v. TJX Companies, Inc.*, 214 F.Supp.2d 1319, 1325 (S.D.Fla.2002) (citations omitted).

In this instance, Ms. Cleary's alleged statement was made during Mrs. Crosdale's long awaited meeting with Ms. Cleary which was specifically held for the purpose of educating Mrs. Crosdale as to the real reason she was no longer being scheduled. *See EEOC v. Alton Packaging Corp.*, 901 F.2d 920, 922–23 (11th Cir.1990) (employer's statement that he wouldn't hire any black people and statement to a black employee that "you people can't do a ------- thing right" found to be direct evidence of discrimination in a failure to promote case). Nevertheless, the Court does not reach whether the alleged comment by Ms. Cleary rises to the level of direct evidence of discrimination because it finds that the Plaintiff has survived summary judgment by establishing a circumstantial case of discrimination.

lar basis. Mrs. Crosdale complained about being put on the schedule in a handwritten letter to Director Edie Cleary. Subsequently, when Mrs. Crosdale attempted to bring the continuing scheduling issue up with Ms. Cleary, Ms. Cleary stated that Mrs. Crosdale would have to make an appointment. According to Plaintiff, no white nurse had been required to make a formal appointment with a director just to get on the work schedule.

Eventually, after Ms. Cleary failed to show up for the first scheduled appointment, Mrs. Crosdale had her appointment with Ms. Cleary. During this appointment, on October. 14, 1999, Ms. Cleary presented Mrs. Crosdale with an unsigned and undated document entitled "Performance Summary Veronica Crosdale, R.N." This document raised performance issues. Mrs. Crosdale was shocked because she had never seen this document before and had never been disciplined at any time during her tenure at the Hospital. Plaintiff presented evidence that Hospital employees admitted that this document was "unique" to Mrs. Crosdale and that the personnel file of a white per diem nurse by the name of Debble Allred (also allegedly fired for poor or inadequate performance) contained no such document.

Mrs. Crosdale testified that when she finally had the opportunity to meet with Ms. Cleary, Ms. Cleary told her that she preferred to employ nurses "just fresh out of school, and they're much more … like they're much more younger and faster … with the type of patient she's on her floor, she'd rather have nurses that are much … fresh out of school, and they are much younger." (Pl. Dep. at 133–34).

The Defendant Hospital claims that Mrs. Crosdale was not placed on the schedule due to work inadequacies. However, Plaintiff has presented evidence that the Hospital has a progressive discipline policy for dealing with work related conduct and performance. The policy provides for corrective action in the event of unsatisfactory work performance. The policy contains no explicit exception for per diem employees although the Hospital claims that the policy does not apply to per diem employees. Aside from Ms. Cleary's presentation of the "Performance Summary of Veronica Crosdale, R.N." on October 14, 2001, Mrs. Crosdale claims that she had no indication or notice that her job performance was allegedly deficient until she received her October 19, 2001 performance evaluation. On that evaluation, Mrs. Crosdale received a score of 116.50, compared to scores of 326.5, 228.5, 210.05, 205.5, and 164.65 by other per diem R.N.s. Mrs. Crosdale claims that when she discussed her performance review with Julie Lucente, one of Plaintiff's supervisors, Ms. Lucente denied first hand knowledge of the allegations of poor performance, telling Mrs. Crosdale that she based the review on other people's knowledge of Mrs. Crosdale's work. On December 6, 1999, Plaintiff and Deborah Allred (a white 45–year old female), the two lowest rated per diem R.N.s were terminated as of November 19, 1999.

■ Mrs. Crosdale has asserted the following prima facie case of race and age discrimination: (1) Mrs. Crosdale, a 59–year old African–American, belongs to a racial minority and is over the age of forty; (2) Mrs. Crosdale was subjected to an adverse job action; (3) the Hospital treated similarly situated white and younger nurses more favorably; and (4) Mrs. Crosdale was qualified to do the job. The Hospital argues that Mrs. Crosdale has failed to show that she was treated less favorably than similarly situated R.N.s, specifically Deborah Allred, a white 45–year old per diem R.N. who was terminated along with Plaintiff. Plaintiff counters

that the appropriate comparator is *not* Ms. Allred because, although both Mrs. Crosdale and Ms. Allred were terminated, there is no evidence that Ms. Allred had difficulty getting placed on the schedule in the first place or had to make a formal appointment with Director Cleary just to get work. Plaintiff asserts that the more appropriate comparator would be any R.N. with a clean employment record (such as Plaintiff asserts she had) out of Plaintiff's protected class who was not being scheduled for work as a per diem nurse. To this end, Plaintiff points to Ms. Lopez, a non-black 52–year old per diem nurse. Plaintiff also presented evidence that when she finally had the opportunity to meet with Ms. Cleary, Ms. Cleary indicated to her that she preferred to employ nurses "just fresh out of school, and they're much more ... like they're much more younger and faster ... with the type of patient she's on her floor, she'd rather have nurses that are much ... fresh out of school, and they are much younger." (Pl. Dep. at 133–34). The Court finds that Plaintiff has raised a genuine issue of material fact with respect to whether the Hospital treated similarly situated white and younger nurses more favorably.

Moreover, Plaintiff has also raised a genuine issue of material fact with respect to whether she was qualified to do the job of a per diem Registered Nurse. Specifically, Mrs. Crosdale has shown that she has been a registered nurse for over thirty-eight years; attended nursing school in London, England; attended licensed practical nursing school; and then attended registered nursing school, finishing in 1963. Mrs. Crosdale became licensed to practice in the United States in 1978 and has practiced in both Texas and Florida since that time. Moreover, viewing the facts in the light most favorable to the Plaintiff, it does not appear that the Defendant ever sought to discipline or repri-

mand Mrs. Crosdale until she began to inquire why the Defendant was not scheduling her for shifts.

 Because Mrs. Crosdale relies on circumstantial evidence, the Hospital may rebut the prima facie case of discrimination by articulating legitimate, nondiscriminatory reasons for its employment decisions with respect to Mrs. Crosdale. Indeed, the Hospital has articulated legitimate, nondiscriminatory reasons, namely that Plaintiff was tardy, had a bad attitude, received patient and co-worker complaints, had substandard work abilities, and had an un-excused absence. Plaintiff, however, has shown that the Defendant failed to document or formalize any counseling or correction and treated Plaintiff in a "unique" manner, thus providing sufficient evidence of pretext. This evidence, in addition to Ms. Cleary's alleged statement regarding employing nurses "just fresh out of school," is sufficient to withstand summary judgment.

### III. CONCLUSION

For the reasons stated above, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment [DE # 9] is hereby DENIED. When viewed in the light most favorable to the non-moving party, genuine issues of material fact exist that must be resolved at trial. *See Barfield v. Brierton,* 883 F.2d 923, 933–34 (11th Cir.1989).

2. Plaintiff's Motion to Strike affidavits [DE # 16] is hereby DENIED. *See, e.g., Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1530 (11th Cir.1987) (courts must "find some inherent inconsistency between an affidavit and a deposition before disregarding the affidavit. If no inherent inconsistency exists, the general rule allowing an affidavit to create a

genuine issue 'even it if conflicts with earlier testimony in the party's deposition' governs. In these instances, any conflict or discrepancy between the two documents can be brought out at trial and considered by the trier of fact") (citations omitted).